IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRITT MARQUIS LACEY** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-994-SMY |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**Yandle, District Judge:**

Pending before the Court are Petitioner Britt Marquis Lacey's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1) and Federal Public Defender David L. Brengle's Motion to Withdraw (Doc. 8). For the following reasons, Brengle's Motion to Withdraw is **GRANTED** and Lacey's Motion is **DENIED**.

## Factual and Procedural Background

Lacey pled guilty on June 14, 2017 to unlawful possession of a firearm by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). *See United States v. Lacey*, 17-cr-30048-SMY at Doc. 1. He was sentenced on October 27, 2017 to 115 months' incarceration and 3 years of supervised release (Docs. 63, 65) and did not file a direct appeal.

Lacey filed this action under 28 U.S.C. § 2255 on September 11, 2019, seeking relief from his sentence premised on the United States Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). Pursuant to Administrative Order 249, the Court appointed the Federal Public Defender's Office to evaluate Lacey's Motion and to determine whether Lacey is eligible for relief under *Rehaif*.

**Standard of Review**

An action brought under § 2255 represents an attempt to collaterally attack a sentence outside of the traditional avenue of appeal and as such relief under Section 2255 "is available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude, or other fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States,* 723 F.3d 870, 878 (7th Cir. 2013).

**Discussion**

In *Rehaif v. United States*, 139 S.Ct. 2191 (2019), the Supreme Court held that to obtain a conviction under § 922(g), which prohibits certain categories of persons from possessing a firearm, the Government must prove "that the defendant knew that he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Thus, for defendants charged under § 922(g)(1), which applies to felons, the Government must prove, or the defendant must admit, "that he knew he had been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year." *United States v. Williams*, 2020 WL 111264, at *1 (7th Cir. Jan. 10, 2020) (quoting 18 U.S.C. § 922(g)(1)). In his § 2255 motion, Lacey argues that the Court erred in convicting and sentencing him for knowingly being in violation of § 922(g)(1). Brengle moves to withdraw, asserting that Lacey has procedurally defaulted his *Rehaif* argument.

Section 2255 cannot be employed as a substitute for a direct appeal or to re-litigate issues decided on direct appeal. *Sandoval v. United States,* 574 F.3d 847, 850 (7th Cir. 2009). "Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted." *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013)). A petitioner may overcome procedural default by showing cause for the default and actual

prejudice, or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice. *Cross v. United States*, 892 F.3d 288, 294-95 (7th Cir. 2018). "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is 'actually innocent' of the crimes of which he was convicted." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016).

Lacey's claim is procedurally defaulted because even if *Rehaif* allows him to satisfy the cause prong for procedural default, he fails to establish prejudice. An argument that Lacey did not know he had been convicted of a crime punishable by a term of imprisonment of more than one year would not be plausible. At the time he was alleged to have unlawfully possessed a firearm, Lacey had previously been previously sentenced to prison for over a year on at least three separate occasions: in 2006 for a term of 3 years; in 2007 for a term of 27 months; and in 2009 for a term of 6 years. *See* Case No. 17-cr-30048, at Doc. 48. Additionally, Lacey executed a Stipulation of Facts stating that he had a prior conviction for aggravated domestic battery, "a crime punishable by imprisonment for a term exceeding one year." *Id.*, at Doc. 42, p. 1. As such, Lacey well knew at the time of the offense that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and forecloses his actual-prejudice and actual-innocence arguments. His § 2255 petition must therefore be denied.

Accordingly, Assistant Federal Public Defender David Brengle's Motion to Withdraw (Doc. 8) is **GRANTED**; Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 (Doc 1) is **DENIED** and all pending motions are **TERMINATED as MOOT**; and this action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or

deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. §2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, this Court has determined that Lacey has not stated any grounds for relief under § 2255 and that reasonable jurists would not find that conclusion debatable or wrong. Thus, Lacey has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: June 12, 2020**

**STACI M. YANDLE**
**United States District Judge**